# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff-Respondent,**

  v.                                 **Case No. 08-C-1128**
                                    **(Criminal Case No. 05-CR-200)**

**CHRISTOPHER M. MOSES**
    **Defendant-Petitioner.**

## RULE 4 ORDER

A jury convicted petitioner Christopher Moses of possessing firearms as a felon, contrary to 18 U.S.C. § 922(g), and possession of unregistered destructive devices, contrary to 26 U.S.C. § 5861(d), and I sentenced him to 84 months in prison. Petitioner appealed, but the Seventh Circuit affirmed. United States v. Moses, 513 F.3d 727 (2008). Petitioner now moves to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that his trial counsel provided ineffective assistance.

**I.**

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th

Cir.), cert. denied, 127 S. Ct. 2988 (2007). Consequently, such relief is appropriate only for errors of law that are jurisdictional, constitutional, or constitute a fundamental defect inherently resulting in a complete miscarriage of justice. Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004).

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the district court must conduct a preliminary review of such motions:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion or other response . . . .

Rule 4(b), Rules Governing § 2255 Proceedings. Under this screening Rule, the district court may dismiss a § 2255 action without holding a hearing or requiring the government to respond if the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief. Gallo-Vasquez v. United States, 402 F.3d 793, 797 (7th Cir. 2005). Likewise, the court may deny the motion summarily if "the petitioner makes conclusory or speculative allegations rather than specific factual allegations." Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995).

**II.**

In the instant motion, petitioner argues that his lawyer should have argued that the police lacked reasonable suspicion to conduct a Terry stop of his live-in companion, Christine Stoffel. During this encounter, officers obtained Stoffel's consent to search her belongings inside defendant's house, discovering drugs, which discovery the officers then relied upon to obtain a search warrant for the house. The ensuing search pursuant to the warrant turned up the weapons forming the basis for defendant's convictions.

2

In order to make out a claim of ineffective assistance of counsel, the defendant must show two things. First, he must show that "counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). Second, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Where, as here, the alleged error pertained to counsel's failure to litigate a pre-trial motion to suppress, the defendant must show that the motion was probably a winner. See Owens v. United States, 387 F.3d 607, 608 (7th Cir. 2004).

Petitioner's trial counsel did file a motion to suppress the evidence seized from the house. The focus of his argument was that Stoffel did not, in fact, consent to the search, tainting the subsequent warrant application. I analyzed the motion under the Seventh Circuit's two-part test for determining whether evidence obtained pursuant to a warrant was the fruit of earlier unlawful search, see United States v. May, 214 F.3d 900, 906 (7th Cir. 2000); United States v. Markling, 7 F.3d 1309, 1315-16 (7th Cir. 1993), concluding that Stoffel properly consented and that the warrant was therefore valid.[1] (R. 46.)

Petitioner now contends that counsel should have challenged the officers' decision to approach Stoffel in the first place, arguing that they lacked reasonable suspicion to do so. The record clearly demonstrates that this argument would have gone nowhere.

---

[1]Stoffel refused to testify in support of petitioner's motion, invoking her Fifth Amendment rights, and I denied petitioner's motion to compel the government to grant her immunity. However, I considered as substantive evidence a written statement from Stoffel, in which she denied consenting. I ultimately concluded that the officers, who testified that Stoffel did consent, were more credible.

3

There are three types of citizen-police encounters: (1) a consensual encounter, for which the police require no quantum of suspicion; (2) an investigatory or Terry stop, for which the police need reasonable suspicion that criminal activity is afoot; and (3) a full-blown arrest, for which the police need probable cause to believe that a person has committed or is committing a crime. See, e.g., United States v. Odum, 72 F.3d 1279, 1283 (7th Cir. 1995); United States v. McCarthur, 6 F.3d 1270, 1275 (7th Cir. 1993). Based on the facts adduced at the evidentiary hearing on the motion to suppress, it is clear that the officers' initial encounter with Stoffel in this case fell in the first category.

Investigators William Ledger and Eric Muellenbach of the Lake Winnebago Area Metropolitan Enforcement Group received an anonymous tip that Stoffel possessed illegal drugs. The tipster told Ledger approximately where Stoffel lived and provided a description of her vehicle. Ledger and Muellenbach located the vehicle parked in the driveway at 517 Forest Avenue, in the City of Fond du Lac, ran the plates, and found that it registered to Stoffel. (R. 46 at 13.)

As they approached the home, the officers saw Stoffel sitting on the front porch. Ledger recognized Stoffel because she had previously worked for the Sheriff's department. Ledger greeted Stoffel and stated that he wanted to talk to her about an anonymous complaint regarding drug activity. Stoffel denied possessing any illegal drugs. Ledger asked for consent to search Stoffel's vehicle, and she agreed. Stoffel was cooperative, unlocked the vehicle, and Muellenbach searched it, finding nothing. (Id. at 13-14.)

The officers also asked for permission to search the house, but Stoffel declined, stating that would be up to petitioner, who owned the house. Ledger then asked for permission to search Stoffel's personal belongings, and she stated that her purse was in

4

the kitchen. Stoffel started to walk inside, Ledger asked if he could follow, and she said yes. Once in the kitchen, Ledger asked Stoffel if he could search her purse, and she agreed. Inside a center pocket, Ledger found 48 Vicodin pills in a sandwich bag, for which Stoffel could not properly account. (Id. at 14-15.)

Ledger next asked Stoffel if she had any other personal property in the house, and she led him to a bedroom, where she consented to a search of her personal property. Over the back of a chair in the bedroom, Ledger saw a pair of women's jeans, with a small baggy of suspected marijuana hanging out of the pocket. Ledger asked Stoffel if the pants were her's and she said they were, but that she did not know who the marijuana belonged to. Ledger seized the baggy. He also found in the pants a prescription medication card with Stoffel's name and picture on it. Based on these discoveries, Ledger and Mullenbach secured the residence and applied for a search warrant, which was issued by a state court judge. (Id. at 15-16.)

The officers' initial encounter with Stoffel on the porch of her residence was a consensual one, rather than a seizure. A person has been "seized" within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that she was not free to leave. McCarthur, 6 F.3d at 1275. Relevant factors in making this determination include whether the encounter occurred in a public place or whether the police removed the person to another location; whether the police told the person she was under arrest or free to leave; whether the person was deprived of identification or other items without which she could not leave; and whether there was any limitation of the person's movement such as physical touching, display of weapons, or other coercive conduct on the part of the police indicating that

5

cooperation was required. Id. at 1276.

In this instance, the officers encountered Stoffel on the porch of her house; they did not initiate the encounter by ordering her to stop or otherwise restraining or impeding her movement; nor did they transport her to another location. The officers at no point told Stoffel that she was under arrest or could not leave; nor did they deprive her of the means to leave. Finally, the officers engaged in no physical contact, weapon display or other coercive conduct. They simply approached her outside the house to ask some questions. See United States v. Breland, 356 F.3d 787, 791 (7th Cir. 2004) (holding that an officer did not seize a suspect by approaching him on the front porch of his house to ask questions);[2] see also United States v. Drayton, 536 U.S. 194, 200-01 (2002) ("Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen.").

Therefore, even if, as petitioner argues, the officers' decision to approach Stoffel was based on the type of anonymous, uncorroborated tip that would not support a Terry stop, see Florida v. J.L., 529 U.S. 266, 271 (2000), the Fourth Amendment was not implicated here because there was no seizure. The officers' actions subsequent to the initial encounter were, for the reasons set forth in my decision denying the motion to suppress originally, supported by Stoffel's consent.

---

[2] See also United States v. Harris, 218 Fed. Appx. 525, 528-29 (7th Cir. 2007) (holding that an officer needed no justification to approach a suspect on the front porch of a home and ask him questions, because porches and walkways carry an implied license for public use, making the interaction akin to a consensual police-citizen encounter on a public sidewalk).

6

**III.**

Petitioner indicates that he possesses newly discovered evidence relevant to the motion to suppress – Stoffel is now prepared to testify that the entry into the home was not done with consent. Petitioner does not explain how this argument fits within his ineffective assistance claim. Trial counsel was aware of Stoffel and tried to obtain her testimony in support of the original motion; she refused. Counsel then attempted to compel the government to grant her immunity. When that failed, he submitted a written statement from Stoffel in lieu of live testimony, which I accepted. It is difficult to see how counsel performed ineffectively in this regard.

Petitioner cites no authority for the proposition that newly discovered evidence supporting a motion to suppress provides a basis for § 2255 relief, and I have found none. See generally Mankarious v. United States, 282 F.3d 940, 945 (7th Cir. 2002); United States v. Evans, 224 F.3d 670, 674 (7th Cir. 2000). Federal Rule of Criminal Procedure 33 allows a defendant to obtain a new trial based on newly discovered evidence. Such claims generally involve evidence tending to show factual innocence of the crime, see Evans, 224 F.3d at 674, although it might be possible to base Rule 33 relief on newly discovered facts that would lead to the suppression of critical evidence and thus to acquittal, see United States v. Woods, 169 F.3d 1077, 1078 (7th Cir. 1999). But defendant, represented by counsel, does not rely upon Rule 33.

In any event, even if § 2255 permitted re-opening of a suppression hearing based on newly discovered evidence (or if I were to construe this part of the motion as falling under Rule 33), petitioner has presented insufficient evidence to warrant relief. He submits no affidavit or other statement from Stoffel detailing what she would say. See United

7

States v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991) (stating that "evidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit; [a] defendant cannot simply state that the testimony would have been favorable"); see also United States v. Menard, 939 F.2d 599, 600 (8th Cir. 1991) (upholding denial of Rule 33 motion where the defendant proffered only hearsay in support). Nor does he explain how any new testimony Stoffel might offer would change my analysis of the motion. As indicated above, I considered Stoffel's written statement originally, finding it less than credible. The officers' testimony, on the other hand, was clear, credible and consistent. Under these circumstances, petitioner has not demonstrated entitlement to an evidentiary hearing. See Daniels, 54 F.3d at 293 (stating that "a hearing is not necessary if the petitioner makes conclusory or speculative allegations rather than specific factual allegations").

**IV.**

**THEREFORE, IT IS ORDERED** that petitioner's motion is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of January, 2009.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

8