# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA
    Plaintiff-Respondent,

v.                                  Case No. 08-C-1128
                                      (Criminal Case No. 05-CR-200)

CHRISTOPHER M. MOSES
    Defendant-Petitioner.

## ORDER

On January 9, 2009, I denied petitioner's motion under 28 U.S.C. § 2255 to vacate his convictions of unlawfully possessing firearms and destructive devices. United States v. Moses, No. 08-C-1128, 2009 WL 78021 (E.D. Wis. Jan. 9, 2009). On January 7, 2010, petitioner filed a request to re-open the time for appealing, claiming that he did not receive timely notice of the denial. However, because his request came more than 180 days after entry of the judgment, I had to deny the motion. See Fed. R. App. P. 4(a)(6). I also denied petitioner's request for a certificate of appealability. Before me now are petitioner's motions (1) to reconsider the denial of his request to re-open and (2) for leave to appeal in forma pauperis ("IFP").[1]

---

[1] Petitioner has also filed a letter-motion (R. 21) asking me to correct my prior ruling and deem his motion to re-open filed as of November 13, 2009. As I explained in my order denying the motion to re-open, whether the motion was deemed filed in November 2009 or January 2010 made no difference; either way, it fell outside the 180 day window provided by Fed. R. App. P. 4(a)(6). (R. 11 at 4.) In a footnote, I expressed doubt, given the version of Rule 4 petitioner quoted, that he prepared it on the earlier date. (R. 11 at 4 n.1.) However, because it made no difference to the outcome, I made no finding. Nor need I make a finding or correction now.

**I.**

Invoking the doctrine of equitable tolling, petitioner asks me to reconsider the denial of his motion to re-open. However, the time limits set forth in Fed. R. App. P. 4(a)(6) are mandatory and jurisdictional, deriving from 28 U.S.C. § 2107, and the district court has no authority to extend them equitably. See Bowles v. Russell, 551 U.S. 205, 214 (2007); Big Top Koolers, Inc. v. Circus-Man Snacks, Inc., 345 Fed. Appx. 396, 398 (11th Cir. 2009); see also Luckett v. Rent-A-Center, Inc., 53 F.3d 871, 873 (7th Cir. 1995). Therefore, the motion to reconsider must be denied.

**II.**

In order to obtain IFP status on appeal, petitioner must be unable to pay the required fees, 28 U.S.C. § 1915(a)(1), and I must determine that the appeal is taken in good faith, 28 U.S.C. § 1915(a)(3). An appeal is not taken in good faith if the claim is frivolous and no reasonable person could suppose that the case has any merit. See, e.g., Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). District courts must not "apply an inappropriately high standard when making good faith determinations," and denial of a certificate of appealability does not necessarily warrant denial of IFP status. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998).

I will grant petitioner's motion. It appears from his motion that he lacks the necessary funds, and although I found that his § 2255 motion lacked merit, I cannot conclude that the case is wholly frivolous.

**III.**

**THEREFORE, IT IS ORDERED** that petitioner's motion to reconsider (R. 22) is **DENIED**.

2

Case 2:08-cv-01128-LA   Filed 02/16/10   Page 2 of 3   Document 23

**IT IS FURTHER ORDERED** that petitioner's motion for leave to appeal in forma pauperis (R. 20) is **GRANTED.**

Dated at Milwaukee, Wisconsin, this 16th day of February, 2010.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge